462    CASES IN THE COURT OF APPEALS

Hollman *vs.* The Williamsport and Hagars town Turnpike Co.—1838.

JOSEPH HOLLMAN *vs.* THE WILLIAMSPORT AND HAGARS TOWN TURNPIKE COMPANY.—*June,* 1838.

The omission of commissioners, appointed to make a location and plat of a road, to take the oath prescribed by the charter of the company, will not exonerate the subscribers to the stock from the payment of their subscriptions, it not appearing that they were injured by such omission.

Nor will the subscribers be exonerated, if the road is not made as wide as directed by the charter, when no injury appears to have resulted from the change.

APPEAL from *Washington* county court.

THIS was an action of *assumpsit,* to recover the instalments on certain shares of stock in the company of the appellees, to which the appellant was a subscriber.

The cause was before the court at June term, 1836, see 8 *Gill and John.* 75, and came up as before on the general issue.

At the last trial, the following exceptions were taken :

1. The plaintiffs to maintain the issue on their part, offered in evidence an act of assembly of the State of Maryland, passed on the 2d of March, 1833, entitled, "an act incorporating a company, to make a turnpike road from Williamsport to Hagars town. They further offered in evidence, a book, entitled, "Subscriptions to the capital stock of *The Williamsport and Hagars town Turnpike Company,*" which subscriptions were taken by the commissioners appointed by the said act, to which book was annexed the act of assembly aforesaid, and which book contained the subscription to the names of the subscribers to the capital stock of the said *Turnpike Company,* to wit: "We whose names are hereunto subscribed, promise to pay for the stock subscribed by us respectively, according to the provisions of the charter of the *Williamsport and Hagars town Turnpike Company.*"

It was further proved by the plaintiffs, that the defendant had subscribed on the 3d June, 1833, in said book, for twelve shares of the capital stock of said company, by the names of *Joseph Hollman, Benjamin F. Hollman, John H. Hollman,*

and *Joseph Hollman, Jr.* and that at the time of subscribing he had paid the sum of one dollar on each share thereof so subscribed. That the managers for said company were duly elected, in pursuance of the provisions of said act, on the 2d September, 1833, and that said managers had called in said stock so subscribed, in three instalments of five dollars each, on each share of said stock; of which several calls the managers aforesaid gave two months previous notice, by advertisements in one newspaper, printed in *Williamsport*, and one newspaper printed in *Hagars town*, agreeably to the provisions of said act. That three commissioners were appointed on the 5th September, 1833, for the purpose of making a location and plot of said road, agreeably to the provisions of the 9th section of said act of assembly, and that the said commissioners did make a location and plot of said road, which plot was returned and reported to said managers on the 23d October, 1833. That the said managers had made, and completed said road, and reported the same to the governor of the state of *Maryland*, in pursuance of said charter, and that examiners were appointed by the governor, to view said road and report thereon: and that said examiners did report to said governor, that said road had been constructed agreeably to the provisions of said act of assembly, and that afterwards, the said governor issued his license to said *Turnpike Company*, authorizing them to erect gates on said road, for the purpose of demanding and receiving tolls for the travelling on said road.

It was further proved by the plaintiffs, that at the time the change aforesaid was made in said road, by the managers thereof, there was no power given by the said charter to condemn lands for the use of said road; that the said company were anxious to proceed with the construction of said road, which they could not have done without first obtaining a supplement to said charter. That when the said commissioners proceeded to locate said road, the agent of an owner of land over which said road was located, stated, that if the

road was located as commissioners contemplated, there would be, he thought, no objection made to said location, nor would the land cost the company any thing: he finally refused to suffer said location to be made, and stated, that if said location should be pursued, that he would charge the company eight hundred or a thousand dollars for said land.

That the whole of said road, from about a mile west of *Hagars town* to *Williamsport*, occupied the bed of an old county road, which was only sixty feet wide, and which did not subject said company to any expense, which the commissioners and managers deemed sufficiently wide. That if they had laid out the road six feet wider they would have subjected the company to considerable expense for land. That by the alteration of said road by the managers, it was made at the place so altered, perfectly straight. That said road was stoned twenty-one feet as required by said charter.

It was proved on the part of the defendant, that after said road had been located, and a plot thereof returned by said commissioners, that the managers of said *Turnpike Company* changed said location at one part of said road, near the town of Williamsport, and departed from the location as laid down by said commissioners, for about the distance of forty or fifty perches, but which change did not alter the termination of said road in the town of Williamsport.

It was further proved by the defendant, that he was injured by said change of location by said managers as a stockholder, and also in respect to property which would have been greatly enhanced in value if the road had been made on the location marked out by the commissioners.

The defendant further proved, that the road as made by the managers and returned by them to the governor, as required by the said act, although it shortens the distance of said road, was not made in the cheapest and best direction, nor was it as short, in point of time, but was the most expensive, and that the managers had to obtain a larger subscription of stock, to enable them to finish the road so changed by them—which road, so changed, was done by an order of

a majority of said managers. It was further proved by the defendant, that the commissioners so appointed as aforesaid, did not take the oath prescribed by the ninth section of said charter.

The defendant further proved, that he entered a protest against this change of location, at the time the president and directors made this change, and never gave his acquiescence to said change. That the commissioners so appointed as aforesaid, did not lay out the said road sixty-six feet wide, as required by the *tenth* section of said act, but only sixty feet, and that no road ever has been made by the president and directors sixty-six feet wide, as required by the tenth section of said charter.

Whereupon, the defendant prayed the court to instruct the jury, that if they should be of opinion from the evidence in this cause, that the three commissioners appointed by the president and directors of said company, did not take the oath prescribed by the ninth section of said charter, but proceeded to make and locate said road without taking said oath, that then the road is not located agreeably to the provisions of said charter, and the plaintiffs are not entitled to recover. Which opinion and direction the court ( *T. Buchanan, Ch. J.*) refused to give to the jury, and the defendant excepted.

2d EXCEPTION.—Admitting the facts as stated in the first bill of exceptions, the defendant, by his counsel, prayed the court to instruct the jury, that if they should be of opinion that the commissioners did locate said road agreeably to the provisions of said charter, and that the said managers changed such location, and constructed a road upon a location different from that marked out by said commissioners; that such change of location by said directors was unauthorized by the charter, and the plaintiffs are not entitled to recover. Which opinion and instruction the court refused to give to the jury, and the defendant excepted.

3d EXCEPTION.—Admitting the facts as stated in the first bill of exceptions, the defendant, by his counsel, prayed the

court to instruct the jury, that if they should be of opinion that the road made by the directors was not made in the *"nearest and best direction from the eastern limits of the town of Williamsport, to the town of Hagars town, and that the defendant was injured thereby,"* that then the plaintiffs are not entitled to recover. Which opinion and instruction the court refused to give to the jury, and the defendant excepted.

4th EXCEPTION.—Admitting the facts as stated in the first bill of exceptions, the defendant, by his counsel, prayed the court to instruct the jury, that if they should be of opinion that the commissioners did not locate the road according to the provisions of the tenth section of said charter, which required them to lay and locate said road sixty-six feet wide, or the managers did not make said road sixty-six feet wide, that then the plaintiffs have not made the road authorized by their charter, and are not entitled to recover. Which opinion and instruction the court refused to give, and the defendant excepted.

5th EXCEPTION.—Admitting the facts as stated in the first bill of exceptions, the defendant, by his counsel, prayed the court to instruct the jury, that if they believe from the evidence that the said road was not located by said commissioners sixty-six feet wide, or that said road was not constructed sixty-six feet wide by the directors, that then this is not the road to which the defendant subscribed, and therefore the plaintiffs are not entitled to recover. Which opinion and instruction the court refused to give, and the defendant excepted.

The verdict and judgment being against the defendant, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J., STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, Judges.

By J. SPENCER, for the appellant, and
D. G. YOST, for the appellees.

STEPHEN, Judge, delivered the opinion of the court.

Hollman *vs.* The Williamsport and Hagars town Turnpike Co.—1838.

Most of the questions involved in this case have, we think, already been decided by this court, when it was brought here upon a former occasion, and the present appeal can scarcely be said to have given a new aspect to it. The only new questions raised by the several bills of exceptions, are those which relate to the omission by the commissioners to take the oath required by the act of incorporation, before they located the road, and the making of the road *sixty,* instead of *sixty-six* feet in width, as prescribed by the charter. The court below we think decided correctly in overruling the defence founded upon these objections. It does not appear that the appellant has sustained any injury in consequence of these omissions; and we have already decided, upon the admissions of the parties upon the former appeal, which are not materially varied by the proof now presented, that the change in the location of the road, as made by the managers, was not such an infringement of the provisions of the charter, as would entitle the defendant to resist the payment of the amount of his subscription. The company, in making the road, appear to have consulted the interest of the stockholders, in making it on the bed of an old county road, which cost them nothing; and thereby saved a considerable expense, which otherwise must have been incurred. The case referred to in *Massachusetts Rep.* has no analogy to the present controversy, because, though the direction of the road was altered in that case, the road made was entirely and altogether different from the one originally contemplated, and the contract was thereby changed. We think the judgment of the court below ought to be affirmed.

JUDGMENT AFFIRMED.